```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division
```

```
_____
                              )
STAN LABER,                   )
                              )
          Plaintiff,          )
                              )
v.                            )    Civil Action No. 05-0803
                              )
FRANCIS HARVEY,               )
Secretary of the Army,        )
                              )
          Defendant.          )
_____)
```

### ORDER

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff claims employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17 (2000); and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2000).

Plaintiff filed an initial administrative complaint of employment discrimination with the Equal Employment Opportunity Commission (EEOC) on September 15, 2004. On March 15, 2005, Plaintiff filed an amended administrative complaint of discrimination with the EEOC. Plaintiff then filed a complaint of employment discrimination in this Court on July 8, 2005. Defendant claims that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction due to Plaintiff's

failure to exhaust his administrative remedies. <u>See</u> 29 C.F.R. § 1614.106(e)(2) (2005) (creating time limits for administrative investigations of amended EEOC complaints).

Title VII and the ADEA both provide that an employee who files a claim of employment discrimination with the EEOC may, under certain circumstances, file a civil action based upon his EEOC complaint. <u>See</u> 42 U.S.C. § 2000e-16(c) (Title VII); 29 U.S.C. § 626(c)(1) (ADEA). One such circumstance is when 180 days have passed from the filing of an initial EEOC complaint if an appeal has not been filed and final action has not been taken. 42 U.S.C. § 2000e-16(c) (Title VII); 29 C.F.R. § 1614.407(b) (containing the relevant ADEA provision based on the EEOC power to enact ADEA enforcement regulations under 29 U.S.C. § 628). Title VII and the ADEA do not, however, address the issue of an amendment to an EEOC complaint or the impact of such an amendment on an individual's ability to file suit in federal court. These issues have been addressed by the EEOC.

Congress has given the EEOC broad power to enact regulations enforcing the substantive provisions of Title VII and the ADEA. 42 U.S.C. § 2000e-16(b) (Title VII); 29 U.S.C. § 628 (ADEA). Pursuant to this authority, the EEOC has enacted regulations regarding a complainant's ability to file suit in federal court under Title VII and the ADEA. EEOC regulations provide that:

> [a] complainant who has filed an individual complaint ... is authorized under Title VII [and] the ADEA ... to

>     file a civil action in an appropriate United States
>     District Court ... [a]fter 180 days from the date of
>     filing an individual ... complaint if an appeal has not
>     been filed and final action has not been taken.

29 C.F.R. § 1614.407. Plaintiff argues that he has standing in federal court under this 180 day rule. Plaintiff did wait the requisite 180 days, without an appeal or final action by the EEOC, to file his claim of employment discrimination in federal court. However, this court finds that Plaintiff does not have standing under 29 C.F.R. § 1614.407(b) because Plaintiff amended his initial EEOC complaint before filing suit in federal court.

The EEOC has enacted regulations that allow for the amendment of an EEOC complaint. See 29 C.F.R. § 1614.106(d). Under these regulations, "a complainant may amend a complaint at any time prior to the conclusion of the [EEOC] investigation." Id. Once the EEOC receives an amended complaint, it is required to give the complainant certain acknowledgments, notifications, and advisements. See 29 C.F.R. § 1614.106(e). In particular, the EEOC must advise the complainant that "[w]hen a complaint has been amended, the [EEOC] shall complete its investigation within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint." 29 C.F.R. § 1614.106(e)(2). Therefore, when a complainant accepts the opportunity to file an amended EEOC complaint, the regulations impose an attendant condition that the EEOC be provided reasonable additional time to investigate the new

3

allegations. See 29 C.F.R. § 1614.106(e)(2).

When Plaintiff amended his EEOC complaint on March 15, 2005, the time allotted for the EEOC to investigate Plaintiff's amended EEOC complaint was extended to September 12, 2005 (360 days after the filing of Plaintiff's initial EEOC complaint). See id. In order to exhaust his administrative remedies, Plaintiff was required to wait until that date to file a claim in federal court. See generally Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002) (stating that "[b]efore a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies"). Plaintiff's Complaint was clearly filed before September 12, 2005. As a result, Plaintiff does not have standing in the present matter. It appearing to the Court that there is a lack of subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedies, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED and this case is DISMISSED without prejudice.

/s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 7, 2005